# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GUSTAVO NAVARRETE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 17-CV-347-SMY-SCW |
| MADISON COUNTY, ILLINOIS, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 22). Plaintiff filed a response (Doc. 24). For the following reasons, the motion is **DENIED.**

## Background

This case arises out of Plaintiff Gustavo Navarrete's employment by Madison County, Illinois as a "Jailer" from April 2008 until February 1, 2016. (Amended Complaint, Doc. 20 at ¶¶ 3, 6 and 11). In his Amended Complaint, Navarrete asserts that he is Hispanic and therefore a member of a protected class. (Id. at ¶ 3). He alleges that although he had not disclosed his ability to speak Spanish prior to his hiring and was not hired for that purpose, he was expected and required to translate for the Spanish-speaking inmates in the Madison County Jail. (Id. at ¶¶12-13). He also alleges he was "required to translate Spanish for other Madison County entities in dangerous situations without the protection of a bullet proof vest or a weapon" (Id. at ¶ 14), and that his co-workers and supervisors called him "Speedy Gonzalez."[1] (Id. at ¶12).

---

[1] Presumably in reference to "Speedy Gonzales," the Warner Brothers' cartoon character. The character and the cartoons in which he appears are the subject of significant debate; although the main Mexican mouse himself is generally portrayed as intelligent and industrious, many of his fellow mice are caricatures of negative Mexican stereotypes, such as laziness or drunkenness.

On January 29, 2016, Navarrete filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Commission on Human Rights ("First EEOC Complaint"), alleging discrimination based on national origin. (Id. at ¶¶ 4-5). He was terminated from his employment three days later, on February 1, 2016. (Id. at ¶ 6). Navarrete filed another complaint in January 2017 ("Second EEOC Complaint"), alleging that he was terminated due to his national origin and in retaliation for filing the First EEOC Complaint. (Id.).[2] He received right-to-sue letters from the EEOC on both matters. (Doc. 1 at pp. 6-7),[3] and subsequently filed this action.

**Discussion**

Defendant attacks the Amended Complaint on two grounds: first, that Navarrete has not exhausted his administrative remedies because the EEOC complaints were made against "Madison County Sheriff" instead of "Madison County, Illinois"; and second, that Navarrete has failed to adequately plead a national-origin discrimination claim.[4] To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a Complaint must "state a claim to relief that is plausible on its face." *Lodholtz v. York Risk Servs. Group, Inc.*, 778 F.3d 635, 639 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[2] Defendant has included what it asserts are copies of the EEOC Complaints as exhibits to the present Motion. (Docs. 22-1 and 22-2). The First EEOC Complaint appears to be dated "020516"— four days after he alleges he was terminated. While this may serve to undermine Plaintiff's claim that he was terminated in retaliation for filing the First EEOC Complaint, the Court is required to accept Plaintiff's account for purposes of the Motion to Dismiss. Further, as discussed below, the Court will not consider these exhibits on a motion to dismiss under 12(b)(6).

[3] Because Plaintiff failed to attach copies of his right-to-sue letters to his Amended Complaint, the Court cites to the copies attached to the original Complaint.

[4] This case was originally filed against the "Madison County Sheriff's Office" (Doc. 1). Defendant filed a motion to dismiss the original Complaint arguing that the Madison County Sheriff's Office was not an independent entity from Madison County, and thus could not be sued because "[a] county sheriff's department is not separate from the county in which it operates, as it is operated by the county itself." (Doc. 15 at 4). That motion was rendered moot by the filing of the Amended Complaint, and so Defendant is not estopped from arguing the contrary position- that the Sheriff's Department is a legally distinct entity from the County.

(2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court also draws all reasonable inferences and construes all facts in favor of the nonmovant. *See Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014).[5]

Failure to exhaust administrative remedies is an affirmative defense, and courts "usually refrain from granting Rule 12(b)(6) motions on affirmative defenses. Rule 12(b)(6) tests whether the complaint states a claim for relief, and a plaintiff may state a claim even though there is a defense to that claim. The mere presence of a potential affirmative defense does not render the claim for relief invalid." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (citation omitted). Courts may, however, grant a Rule12(b)(6) motion based on an affirmative defense if the complaint contains all of the elements of the defense. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012).

"Ordinarily, a party not named as the respondent in an EEOC charge may not be sued under Title VII." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008) (citing *Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597, 604 (7th Cir. 2001) and *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989)). There is an exception, however, "where an unnamed party has been provided with adequate notice of the charge, under circumstances where

---

[5] The Amended Complaint does not specify the statute on which Plaintiff is basing his claims. However, in the instant motion and related pleadings, both parties treat the claims as arising under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e et seq., and so the Court will evaluate the claims under that statute.

the party has been given the opportunity to participate in conciliation proceedings." *Id.* (quoting *Schnellbaecher*, 887 F.2d at 126).

Here, dismissal under Rule 12(b)(6) for failure to exhaust administrative remedies is inappropriate. There is nothing on the face of the Amended Complaint to suggest that Navarette failed to exhaust his EEOC remedies, so he has not pled himself out of court. Thus, determining the merits of Defendant's affirmative defense requires the evaluation of evidence outside the pleadings; the assertion that Navarette filed his EEOC Complaints against the Sheriff's Office and not Defendant is supported solely by the exhibits attached to Defendant's motion. While Rule 12(d) permits a court to consider such evidence as long as it then treats the motion as one for summary judgment, this Court declines to do so.

Defendant also contends that Navarrete has failed to state a claim on his national origin discrimination charge. "The pleading requirement for employment-discrimination claims is minimal. A plaintiff need only identify the type of discrimination, when it occurred, and by whom." *Clark v. Law Office of Terrence Kennedy, Jr.*, 709 F. App'x 826, 828 (7th Cir. 2017) (citations omitted). Navarette has sufficiently done so. He alleges that he was required to undertake additional duties, was placed in dangerous environments without adequate protection, and was referred to by an offensive nickname. These allegations state a plausible claim. Whether this conduct actually occurred and whether Navarette can establish a link between the objectionable conduct and his status as a Hispanic are issues of proof, not pleading.

Finally, although Navarette does not name the specific coworkers, supervisors or dates, the Amended Complaint meets the bare requirements to place Defendant on notice. Therefore, dismissal of the national-origins claim is not warranted, and Defendant's Motion to Dismiss is denied**.**

**IT IS SO ORDERED.**

**DATED: July 17, 2018**

                                                **s/ Staci M. Yandle**
                                                **STACI M. YANDLE**
                                                **United States District Judge**