**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| GUSTAVO NAVARRETE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CV-347-SMY |
| | ) | |
| MADISON COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are the motions *in limine* filed by Plaintiff (Doc. 65) and

Defendant (Doc. 67).

The purpose of a motion *in limine* is to allow the trial court to rule on the relevance and

admissibility of evidence before it is offered at trial.   It serves to "aid the trial process by enabling

the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues

that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Wilson*

*v. Williams,* 182 F.3d 562, 566 (7th Cir. 1999) (citing *Palmieri v. Defaria,* 88 F.3d 136, 141

(2nd Cir. 1996).  Often, however, the better practice is to wait until trial to rule on objections,

particularly when admissibility substantially depends upon facts which may be developed there.

*Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997).

The movant has the burden of demonstrating that the evidence is inadmissible on any

relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69

(N.D. Ill. 1994).   The court may deny a motion *in limine* when it "lacks the necessary

specificity with respect to the evidence to be excluded." *Nat'l Union Fire Ins. Co. of Pittsburgh*

*v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp.1398, 1401 (N.D. Ill. 1993). Denial only means that the court cannot decide admissibility outside the context of trial. *Plair*, 864 F. Supp. at 69. Indeed, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Nat'l Union*, 937 F. Supp. at 287. With these principles in mind, the Court rules as follows:

### Plaintiff's Motions in Limine (Doc. 65)

#### *Plaintiff's Motion in Limine No. 1*

Plaintiff seeks to exclude any reference to disciplinary incidents other than the disciplinary incidents that form the basis of Defendant's decision to terminate his employment. Defendant objects to the extent that it would operate as a total bar to the introduction of any and all prior discipline that could become relevant at trial. The motion is **GRANTED** to the extent that information regarding disciplinary incidents involving Plaintiff other than those alleged to have formed the basis for the decision to terminate him are irrelevant and immaterial.

#### *Plaintiff's Motion in Limine No. 2*

Plaintiff seeks to exclude any reference or argument as to the results of the EEOC investigation pertaining to him. The results of the EEOC investigation regarding Plaintiff's employment with Defendant are irrelevant and immaterial to the claims and defenses asserted in this case. Accordingly, the motion is **GRANTED**.

#### *Plaintiff's Motion in Limine No. 3*

Plaintiff's Motion in Limine 3 is **GRANTED** without objection.

*Plaintiff's Motion in Limine No. 4*

Plaintiff's Motion in Limine 4 is **GRANTED** without objection.

*Plaintiff's Motion in Limine No. 5*

Plaintiff's Motion in Limine 5 is **GRANTED** without objection.

**Defendant's Motions in Limine (Doc. 67)**

*Defendant's Motion in Limine 1*

Defendant's Motion in Limine 1 is **GRANTED** without objection.

*Defendant's Motion in Limine 2*

Defendant's Motion in Limine 2 is **GRANTED** without objection.

*Defendant's Motion in Limine 3*

Defendant's Motion in Limine 3 is **GRANTED** without objection.

*Defendant's Motion in Limine 4*

Defendant seeks to exclude any testimony or documentation pertaining to Plaintiff's character or reputation.   Plaintiff objects, arguing that his character is at issue because Defendant alleges that he was terminated, in part, for violations of rules of conduct.  Plaintiff's general character and reputation are not relevant.  However, evidence of his character and reputation that goes directly to the alleged violations of the rules of conduct is relevant. Accordingly, this motion is **DENIED**.

*Defendant's Motion in Limine 5*

Defendant seeks to exclude any lay witness testimony regarding Plaintiff's damages. Plaintiff points out that his damages are based on simple math that do not require an expert. Plaintiff can testify as to his past wages and benefits, his current wages and benefits, and the difference (which is a calculation based on simple math) that he has knowledge of.  However,

expert testimony would be necessary for more complicated calculations such as interest, the effect of inflation, and potential future earnings and benefits.  Given the fact that the Court will take up the issue of economic damages only after a verdict against Defendant on liability, the Court **RESERVES RULING** on this motion.

<u>*Defendant's Motion in Limine 6*</u>

Defendant's Motion in Limine 6 is **GRANTED** without objection.

<u>*Defendant's Motion in Limine 7*</u>

Defendant's Motion in Limine 7 is **GRANTED** without objection.

<u>*Defendant's Motion in Limine 8*</u>

Defendant's Motion in Limine 8 is **GRANTED** without objection.

<u>*Defendant's Motion in Limine 9*</u>

Defendant's Motion in Limine 9 is **GRANTED** without objection.

<u>*Defendant's Motion in Limine 10*</u>

Defendant's Motion in Limine 10 is **GRANTED** without objection.

<u>*Defendant's Motion in Limine 11*</u>

Defendant's Motion in Limine 11 is **GRANTED** without objection.

<u>*Defendant's Motion in Limine 12*</u>

Defendant's Motion in Limine 12 is **GRANTED** without objection.

<u>*Defendant's Motions in Limine 13 and 14*</u>

Defendant seeks to exclude testimony, remarks, or statements regarding disciplinary actions as to other employees.  Plaintiff objects, arguing that evidence of how similarly situated employees were disciplined is relevant to his claim.  The motions are **GRANTED** except to the extent of evidence produced by Plaintiff to demonstrate that other similarly

situated employees were treated differently, which is an element of Plaintiff's claim.

### *Defendant's Motion in Limine 15*

Defendant's Motion in Limine 15 is **GRANTED** without objection.

### *Defendant's Motion in Limine 16*

Defendant seeks to exclude information concerning Plaintiff's service in the United States Air Force.   General background information is relevant and not prejudicial. Accordingly, the motion is **DENIED**.

### *Defendant's Motion in Limine 17*

Defendant's Motion in Limine 17 is **GRANTED** without objection.

### *Defendant's Motion in Limine 18*

Defendant seeks to exclude testimony and evidence that the Madison County State's Attorney's decision to not file criminal charges against Plaintiff.  As this evidence is relevant to the issue of possible pretextual reasons for Plaintiff's termination, the motion is **DENIED.** The Court will instruct the jurors regarding the limited purpose for which the evidence may be considered.

**IT IS SO ORDERED.**

**DATED: June 10, 2021**

**STACI M. YANDLE**
**United States District Judge**