IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GUSTAVO NAVARRETE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MADISON COUNTY, ILLINOIS, )<br>)<br>Defendant. ) | Case No. 3:17-CV-00347-SMY-SCW |

### PLAINITFF'S PETITION FOR ATTORNEYS' FEES

Comes Now the Plaintiff, by and through his undersigned counsel, and for his Petition for Attorneys' Fees, states as follows:

Attached as exhibit A is the affidavit of Paul Slocomb, along with a copy of the itemized statement of billable hours and Mr. Slocomb's current Resume. Attached as Exhibit B is the Affidavit of Ferne Wolf, as experienced employment discrimination attorney. The undersigned counsel's billable rate ($250.00) and billable hours are well below those hours and the rate that would be charged by any competent trial attorney with over 25 years of practice. Madison County was in receipt of the undersigned's Itemized Bill but did not contest any of the time spent by the undersigned counsel or the total number of hours. Instead, Madison County appears to object to the hourly rate. If anything, based upon the Affidavit of Ferne Wolf, the undersigned counsel has charged an hourly rate that is <u>well below market rate</u>. The Plaintiff seeks an award of attorneys' fees that are deemed fair and reasonable by the Court. If the Court determines that the undersigned's reasonable rate should be more than $250.00 per hour, the Plaintiff would not object to such a determination.

When a prevailing party is entitled to "a reasonable attorney's fee," *see, e.g.,* 42 U.S.C. § 1988; the district court must make that assessment, at least initially, based on a calculation of the

"lodestar"—the hours reasonably expended multiplied by the reasonable hourly rate—and nothing else. *See Pickett v. Sheridan Health Care*, 664 F.3d 632, 640-43 (7th Cir. 2011).

In setting a reasonable billing rate, courts are directed to consider the attorney's regular rates as well as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). Evidence of reasonableness of a proposed hourly rate must include an affidavit or declaration of the attorney performing the work and information about rates actually billed and paid in similar lawsuits. *Id.* at 896, 104 S.Ct. 1541. Appropriate rates can be determined through direct or opinion evidence about what local attorneys charge under similar circumstances. *Id.* at 896 n. 11, 104 S.Ct. 1541. In order to determine a reasonable hourly rate, courts should look at the "the market rate for the services rendered." *Pickett*, 664 F.3d at 640. The market rate is the "rate that lawyers of similar ability and experience in their community normally charge their paying clients for the type of work in question." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 555 (7th Cir. 1999). The attorney's billing rate for comparable work is "presumptively appropriate" to use as the market rate. *Pickett*, 664 F.3d at 640; *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003). "The best evidence of the value of the lawyer's services is what the client agreed to pay him." *Assess. Tech. of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 438 (7th Cir. 2004). Thus, the attorney's actual billing rate paid by his client is "presumptively appropriate" to use as the market rate. *People Who Care v. Rockford Bd. of Educ.,* 90 F.3d 1307, 1311 (7th Cir. 1996). The "next best evidence" of a reasonable market rate is "evidence of rates similarly experienced attorneys in the community charge paying clients for similar work and evidence of fee awards the attorney has received in similar cases." *Id.* (quoting *Spegon*, 175 F.3d at 555). The party seeking fees bears the burden of

"produc[ing] satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community." *Id.* (quoting Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984)). Once the fee applicant satisfies this burden, the other party must provide "a good reason why a lower rate is essential." *Id.* (quoting *People Who Care*, 90 F.3d at 1313).

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court grant this Petition for Attorneys Fees and for such other and further relief as this Court deems just and proper.

HOFFMAN & SLOCOMB, LLC

By: /s/ *Paul T. Slocomb*
Paul T. Slocomb, #6226129
1115 Locust Street, 4th Floor
St. Louis, MO  63101
(314) 436-7800
Fax (314) 231-0323
Attorney for Plaintiff

**CERTFICATE OF SERVICE**

A copy of the foregoing was served by ECF and sent via e-mail this 24th day of August, 2021, to:

Ms. Heidi Eckert
Attorney at Law

/s/ Paul T. Slocomb