**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

GUSTAVO NAVARRETE,

      **Plaintiff,**

      **vs.**

MADISON COUNTY, ILLINOIS,

      **Defendant.**

**Case No. 17-cv-347-SMY**

**MEMORANDUM AND ORDER**

**YANDLE, Chief District Judge:**

Plaintiff Gustavo Navarrete filed the instant lawsuit against Madison County Sheriff's Office, alleging discrimination and retaliatory termination of his employment based upon his national origin in violation of Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. §2000e *et seq*. (Doc. 1)  He filed an Amended Complaint naming Madison County, Illinois as the defendant (Doc. 20).

A jury trial commenced in this matter on June 28, 2021.  On June 29, 2021, Defendant made an oral motion for judgment as a matter of law at the close of Plaintiff's presentation of evidence (Tr at 296-307).  That motion was denied.  *Id.*  On June 30, 2021, at the close of all evidence, Defendant filed a Motion for Directed Verdict at the Close of Plaintiff's Case, or in the alternative, Defendant's Motion for Directed Verdict at the Close of Evidence (Doc. 98).  That motion was also denied (Doc. 99; Tr. at 328-330).  The jury returned a verdict in favor of Navarrete and awarded $250,000 in compensatory damages on June 30, 2021 (Doc. 107).

On July 26, 2021, Defendant renewed its motion for judgment as a matter of law (Doc. 116).  That motion was again denied on August 5, 2021 (Doc. 121).  Then, on August 6, 2021, the Court held an evidentiary hearing on Plaintiff's Motion for Equitable Relief, which Defendant opposed.  An Order was entered on March 27, 2025, awarding Plaintiff $1,073,279.44 in back pay,

loss of fringe benefits, front pay, pre-judgment interests, tax consequences, and an additional $68,025.00 in attorney fees (Doc. 135).

Defendant's Motion for Judgment as a Matter of Law, or in the alternative, for a New Trial or Remittitur is now before the Court (Doc. 137). Plaintiff has responded in opposition to the entirety of the motion (Doc. 138). For the following reasons, the motion is **DENIED**.

## DISCUSSION

### Motion for Judgment as a Matter of Law

Defendant has renewed its Motion for Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50(b). Defendant's motion simply reiterates the arguments previously made in support of its oral and written motions (Tr. at 296-307; Doc. 98; Doc. 116). Those motions were denied for the reasons stated on the record (Tr. at 306-307; Doc. 99; Tr. at 328-330; Doc. 121; 123). The Court's rulings remain the same, and Defendant's renewed Motion for Judgment as a Matter of Law is denied.

### Remittitur

Title VII establishes caps on compensatory damages in intentional employment discrimination actions. *See* 42 U.S.C. § 1981a. The caps for compensatory damages are based upon the number of respondent's employees in each of twenty or more calendar weeks in the current or preceding calendar year. *Id.* Here, Defendant argues that Madison County Sheriff's Department employs 175 people, so that the jury's verdict should be reduced from $250,000 to $100,000. The Court disagrees.

Plaintiff originally filed suit against Madison County Sheriff's Office. However, Defendant filed a motion to dismiss, arguing Madison County Sheriff's Office is a division of the county and not a separate justiciable entity (Doc. 15). Plaintiff then filed an Amended Complaint

(Doc. 20) naming Madison County, Illinois as the defendant. As such, Madison County, Illinois is the defendant for purposes of applying the damages caps.

Plaintiff provided the Court with employment information for Madison County, Illinois demonstrating that Madison County has regularly employed in excess of 500 employees (Doc. 138-2). Defendant failed to provide any proof that Madison County, Illinois employs fewer employees. Accordingly, the jury's verdict of $250,000 does not exceed the statutory cap for compensatory damages. *See* 42 U.S.C. § 1981a(b)(3)(D). Defendant's request for remittitur is denied.

### Motion for New Trial

Pursuant to Federal Rule of Civil Procedure 59(a), a court "may, on motion, grant a new trial on all or some of the issues ... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Defendant contends a new trial is necessary in this case because the Court "made several rulings excluding vital evidence supporting Defendant's position and depriving it of a fair trial, which led directly to the Plaintiff's verdict." Specifically, Defendant argues the Court excluded testimony from Major Jeff Connor and "sharply" limited Sheriff Lakin's testimony, which resulted in Defendant being barred from introducing several exhibits – Plaintiff's personnel file, Illinois State Police ("ISP") investigative files, and rebuttal evidence.

Plaintiff filed a motion *in limine* to bar reference to any disciplinary incidents other than the disciplinary incidents that formed the basis of the Defendant's decision to terminate Plaintiff (Doc. 65). The Court granted the motion *in limine* over Defendant's objection, finding disciplinary incidents other than those alleged to have formed the basis for the decision to terminate Plaintiff were irrelevant and immaterial (Doc. 87). However, the Court left open the possibility of admitting

evidence of the additional disciplinary incidents if the Plaintiff opened the door to them during trial. *Id.*

In support of its motion for summary judgment in this case, Defendant cited three incidents from Plaintiff's personnel file that formed the basis for Sheriff Lakin's decision to terminate Plaintiff: two in November of 2015, and one in August of 2013 (Doc. 35 at 14). Lakin cited these same incidents in his written charge and at deposition (Doc. 35-1; Doc. 35-5 at 59). These were the bases on which Defendant relied as legitimate nondiscriminatory reasons for termination, and these were the facts before the Court when it ruled no evidence of disciplinary incidents other than those that formed the basis of Sheriff Lakin's decision may be admitted.

Despite the Court's ruling, during trial, Defense Counsel attempted multiple times to introduce testimony and evidence relating to incidents occurring prior to 2013, including materials related to the ISP investigation. *See, e.g.*, Tr. at 26. When the Court requested an offer of proof as to the relevancy of this testimony, Counsel responded that Sheriff Lakin had reviewed Plaintiff's entire personnel file and discussed his decision with Major Connor, who in turn had discussed Plaintiff's performance with other individuals to be called as witnesses. *Id.* at 97-117.

That Sheriff Lakin may have been aware of other disciplinary incidents involving Plaintiff as a result of these discussions does not change the fact that only three were listed in his written charge recommending Plaintiff's termination (Doc. 35-1). As the Court ruled during trial, there was never any indication during the entirety of this case that there were other disciplinary incidents that formed the basis for Plaintiff's termination (Tr. at 27-29).

While Defendant may disagree with the Court's rulings regarding the admissibility of this evidence and testimony, the exclusion of the evidence and testimony did not lead to an unfair trial for Defendant. Accordingly, Defendant's request for a new trial is denied.

**Motion to Vacate, Alter, or Amend the Judgment Granting Equitable Relief and Damages**

Motions filed pursuant to Federal Rule of Civil Procedure 59(e) are generally granted only upon a showing of either newly discovered evidence not previously available or evidence in the record that clearly establishes a manifest error of law or fact. *Sigsworth v. City of Aurora*, Ill., 487 F.3d 506, 511-12 (7th Cir. 2007) (*Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001). Relief sought under Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). In other words, a proper motion does more than take umbrage and restate the arguments that were initially rejected. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006).

Here, Defendant primarily repeats the arguments it made in its response to Plaintiff's request for equitable damages (Doc. 126). The Court addressed these arguments in its Order (Doc. 135). The current motion makes generalized statements about its disagreements with the Court's rulings and does not present newly discovered evidence or establish the Court made a manifest error of law or fact. Accordingly, Defendant's request to vacate, alter, or amend the judgment granting equitable relief and damages is denied as well.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment as a Matter of Law or, in the alternative, for a New Trial or Remittitur (Doc. 137) is **DENIED in its entirety**.

**IT IS SO ORDERED.**

**DATE: March 30, 2026**

**STACI M. YANDLE**
**Chief U.S. District Judge**